UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Unitherm Food Systems, Inc.,                        Civ. No. 14-4034 (PAM/LIB)

               Plaintiff,

v.                                           **MEMORANDUM AND ORDER**

Hormel Foods Corporation, and
Hormel Foods Corporate Services, LLC,

               Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Unitherm Food Systems, Inc., is a corporation headquartered in Bristow, Oklahoma. As relevant to the allegations here, Unitherm develops processes and equipment for cooking meat and other food products. (Compl. ¶ 1.) The Complaint alleges that at some unspecified time in the past, Unitherm developed what it called the "Unitherm Process" for preparing pre-cooked sliced bacon. (Id. ¶ 5.) This process involved the use of a spiral ovens and super-heated steam. (Id.) According to Unitherm, before it developed this process, there was no acceptable process for pre-cooking sliced bacon because all attempts had resulted in bacon that did not resemble a pan-fried product. (Id. ¶ 7.)

Unitherm contends that its "Process" was a "closely held, confidential trade secret." (Id. ¶ 8.) In June 2007, Unitherm and Defendant Hormel Foods Corporation met to discuss

a joint venture to develop the Process and produce commercially viable pre-cooked bacon. (Id. ¶ 12.) On July 16, 2007, Hormel sent Unitherm a mutual confidential disclosure agreement. (Id. Ex. 1 (July 16, 2007, email from Hormel to Unitherm).) There is a copy of this disclosure agreement attached to the Complaint as Exhibit 1, but the attachment is unsigned and undated, and the Complaint does not allege when the parties signed this agreement, only that they did sign it. (A later Exhibit is a letter from Hormel to Unitherm's President, David Howard, referencing a "Mutual Confidential Disclosure Agreement dated July 20, 2007." (Id. Ex. 4.)) In any case, Hormel does not dispute that the parties executed this confidentiality agreement on or around July 20, 2007.

In September 2007, the parties executed a joint development agreement. (Id. Ex. 2.) That agreement provided that Hormel and Unitherm would "work together to develop an oven that uses very high (approaching 100%) steam levels for cooking." (Id.) The agreement further provided that "[a]ll Inventions relating to the Project will be owned by Hormel," including "Inventions involving (1) Confidential Information from UNITHERM and/or Confidential Information from HORMEL and, [sic] (2) having personnel from both UNITHERM and HORMEL as inventors." (Id. ¶ 5(i)-(ii).)

At about the same time that Hormel and Unitherm were discussing their joint venture in June 2007, Hormel was in similar discussions with Unitherm's competitor, FMC Technologies. According to Unitherm, Hormel disclosed to FMC some of Unitherm's confidential information at that time. (Compl. ¶ 22.) In December 2007, FMC issued a press release claiming to have developed a process substantially similar to the Unitherm Process.

2

(Id. ¶ 23.) Unitherm asked Hormel to remedy its disclosure of Unitherm's information to FMC, and according to the Complaint, Hormel "took immediate affirmative action with FMC to contain and remedy the disclosure." (Id. ¶ 24.) The document to which the Complaint references in this regard gives July 11, 2007, as the date Hormel made the disclosure to FMC. (Id. Ex. 3.) This date is before the parties signed the Hormel/Unitherm confidentiality agreement on or about July 20, 2007. Ostensibly because of Hormel's assurances of commitment to the joint development agreement and the confidentiality agreement, Unitherm "elected to continue working with Hormel . . . notwithstanding Hormel's initial breach of confidence." (Id. ¶ 25.)

On January 11, 2008, Unitherm filed a patent application for its Process. (Id. ¶ 26.) This patent was published on July 16, 2009. (Id. ¶ 27.)

In April 2010, Hormel "suddenly and without prior written notice" terminated the parties' joint development agreement. (Id. ¶ 30.) Hormel told Unitherm that it was terminating the agreement because "the project was not producing a viable result after 2 ½ years." (Id.) Unitherm alleges that, despite Hormel's assurances that it had no further interest in pursing the spiral-oven process for cooking bacon, Hormel was actually attempting to patent as its own the Unitherm Process. (Id.) And indeed, less than five months after terminating the joint development agreement, Hormel applied for a patent allegedly based on the Unitherm Process. (Id. ¶ 32.) This patent was published in February 2012. (Id.) Hormel now markets a product called "Bacon 1," which, according to Unitherm, is pre-cooked bacon "that incorporates Unitherm's pre-cooked sliced bacon process." (Id. ¶ 41.)

The Complaint contains five Counts. Count I claims that Hormel breached the parties' contract. Count II asserts that Hormel misappropriated Unitherm's trade secrets. Count III raises a claim for unjust enrichment, and Count IV claims that Unitherm is entitled to an accounting. Count V, as noted above, seeks a declaration that the Process is "in whole or in large part owned by Unitherm." (Id. ¶ 75.) According to Unitherm, this declaration is necessary "to determine that the subject matter of the Hormel patent applications . . . is based at least in part on the Unitherm process." (Id. ¶ 76.) Hormel seeks dismissal of Counts I through IV.

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Unitherm. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that Unitherm draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

## A.   Breach of Contract

The Complaint alleges that Hormel breached the parties' contract in several ways: (1) terminating the joint development agreement without notice; (2) concealing its own pre-cooked bacon development activities from Unitherm; (3) falsely telling Unitherm that the Process was not commercially viable, and (4) taking the Process for its own. (Compl. ¶ 45.) Hormel argues that this claim is untimely and fails to state a claim on which relief can be granted.

According to Hormel, the breach-of-contract claim is premised on Hormel's disclosure of confidential information to FMC in 2007, which is outside Minnesota's six-year statute of limitations for breach-of-contract claims. Minn. Stat. § 541.05, subd. 1(1). But much of Unitherm's contract claim is based on conduct that occurred in 2010: Hormel's alleged improper termination of the agreement, its allegedly false statements to Unitherm about the Process's viability, and concealing its product-development activities from Unitherm. If Unitherm can succeed in establishing that any of these activities breached the parties' contracts, they are well within the statute of limitations. Unitherm's breach-of-contract claim will not be dismissed on this basis.

Hormel also contends that the breach-of-contract claim fails as a matter of law because its alleged improper disclosure of confidential information to FMC occurred before Hormel and Unitherm had a contract in place. Again, Hormel ignores the other contentions of the claim, which assert several other alleged breaches of the parties' agreements. Hormel also argues that the claim fails because Hormel did not improperly terminate the joint development agreement. This argument, however, is not something that can be resolved on a motion to dismiss. Unitherm plausibly alleges that Hormel improperly terminated the agreement. Rule 12(b)(6) requires nothing more. Hormel's Motion as to Unitherm's breach-of-contract claim is denied.

**B.     Misappropriation of Trade Secrets**

Unitherm alleges in Count II that its Process constitutes a trade secret under Minnesota law, and that Hormel misappropriated that trade secret for its own commercial use in violation of the Minnesota Uniform Trade Secrets Act, Minn. Stat. § 325C.01 et seq. (Compl. ¶ 59.)

To state a claim for misappropriation under the MUTSA, a plaintiff must first establish that the information at issue is in fact a trade secret. Electro-Craft Corp. v. Controlled Motion, Inc., 332 N.W.2d 890, 897 (Minn. 1983). Hormel argues that because Unitherm filed a patent application containing its alleged trade secrets, that information is, as of the patent's publication, no longer a trade secret. Thus, any alleged misappropriation after July 2009 is not actionable and any alleged misappropriation before July 2009 is beyond Minnesota's three-year statute of limitations for trade-secret claims. Minn. Stat. § 325C.06.

A trade secret is something that "derives independent economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons . . . and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Id. § 325C.01, subd. 5. While the Process might have been a trade secret before July 2009, "it is axiomatic that a thing patented cannot also remain a secret." Coenco, Inc. v. Coenco Sales, Inc., 940 F.2d 1176, 1179 n.3 (8th Cir. 1991). The publication of the patent means that Unitherm no longer had a trade secret in the Process, and its misappropriation claim fails.

**C.    Unjust Enrichment**

Hormel contends that Unitherm cannot maintain a claim for unjust enrichment where the parties' relationship is governed by a valid contract. This may be true, but it is also true that, at this stage, Unitherm is entitled to plead in the alternative. And, as Unitherm argues, some of Hormel's allegedly tortious conduct took place after Hormel terminated the parties' contract, and thus may be the subject of an unjust-enrichment claim.

Hormel also contends that an unjust-enrichment claim based on the misappropriation of trade secrets is barred by the three-year trade-secret statute of limitations. But at this early stage of the litigation, it appears that Unitherm's unjust-enrichment claim is not based solely on Hormel's alleged trade-secret misappropriation. Rather, the claim also appears to be based, at least in part, on Hormel's conduct in 2010 and thereafter. As to that conduct, the claim is timely. See Minn. Stat. § 541.05, subd. 1(1) (prescribing six-year limitations period for actions "upon a contract or other obligation, express or implied"). Hormel's Motion on

this claim is denied.

**D.     Accounting**

"An accounting is an extraordinary remedy usually available only when legal remedies are inadequate." Border State Bank, N.A. v. AgCountry Farm Credit Servs., 535 F.3d 779, 784 (8th Cir. 2008). A party cannot seek an accounting for information it has the opportunity to obtain during discovery. Id. at 785. Unitherm has not explained why the information it seeks in this Count is not available to it in discovery. Unitherm's assertion that the "nature of Hormel's actions as set forth in the Complaint make it likely that Hormel will not willingly produce highly relevant information" (Pl.'s Opp'n Mem. at 34) is contrary to the Court's presumption that all counsel will act in accordance with their duties as officers of the Court. The Court will not presume that parties will not fully and in good faith participate in the discovery process. Because Unitherm may obtain in discovery the information it seeks in its accounting claim, that claim is dismissed. See Cox v. Mortg. Elec. Reg. Sys., Inc., 685 F.3d 663, 668 (8th Cir. 668) (affirming district court's dismissal of accounting claim because the information sought was available through discovery and "the existence of this legal remedy renders an accounting unwarranted").

**CONCLUSION**

Hormel has established that Unitherm's trade-secret claim is untimely and that it is not entitled to raise a claim for an accounting. Unitherm's breach-of-contract claim and claim for unjust enrichment, however, are timely and state claims on which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 14) is **GRANTED in part** and **DENIED in part**, and Counts II and IV of the Complaint are **DISMISSED with prejudice**.

Dated: January 27, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge