UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Unitherm Food Systems, Inc.,

    Plaintiff,

v.                                                          Civil No. 14-4034 (JNE/BRT)
                                                                  ORDER

Hormel Foods Corporation and Hormel
Foods Corporate Services, LLC,

    Defendants.

    Invoking the jurisdiction conferred by 28 U.S.C. § 1332(a)(1) (2012), Unitherm Food Systems, Inc. (Unitherm), brought this action against Hormel Foods Corporation and Hormel Foods Corporate Services, LLC. Unitherm's Complaint contains five counts: (1) breach of contract; (2) misappropriation of trade secrets; (3) unjust enrichment; (4) accounting; and (5) declaratory relief. Hormel Foods Corporation and Hormel Foods Corporate Services, LLC, moved to dismiss the first four counts. Granting in part and denying in part the motion, the Court dismissed the second and fourth counts in an Order dated January 27, 2015. The next day, an Order of Recusal, which was also dated January 27, 2015, was filed. The action was reassigned.

    The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)

(citation omitted).  Observing deficiencies in Unitherm's jurisdictional allegations, the Court grants Unitherm an opportunity to file an amended complaint.

A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties."  *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  As the party invoking diversity jurisdiction, Unitherm bears the burden of alleging each party's citizenship.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In the Complaint, Unitherm alleged that it "is an Oklahoma corporation with its principal place of business in Bristow, Oklahoma"; that Hormel Foods Corporation and Hormel Foods Corporate Services, LLC, "are Minnesota corporations with their principal places of business in Austin, Minnesota"; and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Unitherm has alleged that it is a citizen of Oklahoma.  *See* 28 U.S.C. § 1332(c)(1).  Unitherm's allegation that Hormel Foods Corporation is a citizen of Minnesota alone is incorrect.  And its allegation of Hormel Foods Corporate Services, LLC's citizenship is flawed.

Because "LLC" appears in its name, Hormel Foods Corporate Services, LLC, is apparently a limited liability company.  A database that is available on the website of the Minnesota Secretary of State indicates that Hormel Foods Corporate Services, LLC, is a limited liability company.  *Cf. Belleville Catering Co. v. Champaign Market Place,*

*L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (noting court consulted databases available on the Internet to ascertain jurisdictional details before oral argument). The database also indicates that Hormel Foods Corporate Services, LLC, is not organized under the laws of Minnesota but of Delaware. A database that is available on the website of the Delaware Secretary of State reveals that Hormel Foods Corporate Services, LLC, is indeed a limited liability company organized under the laws of Delaware.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. Unitherm did not allege the citizenship of each member

of Hormel Foods Corporate Services, LLC.  Consequently, Unitherm failed to state Hormel Foods Corporate Services, LLC's citizenship.[1]

While reviewing the databases to discern the status of Hormel Foods Corporate Services, LLC, the Court discovered that the databases indicate Hormel Foods Corporation is not a Minnesota corporation.  Instead, the databases indicate that Hormel Foods Corporation is a Delaware corporation.

In short, Unitherm failed to recognize that Hormel Foods Corporate Services, LLC, is a limited liability company, failed to allege Hormel Foods Corporate Services, LLC's citizenship according to the rule applicable to limited liability companies, and failed to recognize the state by which Hormel Foods Corporation has been incorporated. To assure itself that the action is properly before it, the Court affords Unitherm an opportunity to file an amended complaint.  *See* 28 U.S.C. § 1653 (2012) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).  Unless Unitherm files an amended complaint that redresses the deficiencies in its jurisdictional allegations by February 6, 2015, the Court will dismiss this action for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: January 30, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]   It may be that Hormel Foods Corporation is the sole member of Hormel Foods Corporate Services, LLC.  The Complaint, as well as a statement filed by the defendants, indicates that Hormel Foods Corporate Services, LLC, is a "wholly-owned subsidiary" of Hormel Foods Corporation.